UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA DUNCAN<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAL-WESTERN RECONVEYANCE<br>CORPORATION, et al.,<br><br>　　　　Defendants. | 3:12-cv-0094-LRH-VPC<br><br><u>ORDER</u> |

Before the court is plaintiff Linda Duncan's ("Duncan") motion for default judgment against defendant the Bank of New York Mellon as trustee under the pooling and servicing agreement series 04-32 ("Mellon"). Doc. #15.[1] Defendant Mellon filed an opposition and counter-motion to set-aside the clerk's entry of default (Doc. #13). Doc. #18.

**I.　Facts and Background**

In January 2004, Duncan purchased real property through a mortgage note and deed of trust executed by non-party National City Mortgage Company ("National City"). In February 2005, National City assigned the mortgage note and deed of trust to Mellon under the pooling and servicing agreement series 04-32. Doc. #18, Exhibit B. The assignment of the deed of trust was subsequently recorded in Lyon County, Nevada.

---

[1] Refers to the court's docket number.

Duncan eventually defaulted on the property and defendants initiated non-judicial foreclosure proceedings. The property was eventually sold at a trustee's sale on April 9, 2010. Doc. #18, Exhibit G.

In August 2011, Mellon filed a complaint for unlawful detainer against Duncan in state court for failure to quit the property. While that action was ongoing, Duncan initiated the present separate action and served the summons and complaint on a company paralegal on January 30, 2012. The clerk of court entered a clerk's default against Mellon on April 13, 2012. Doc. #13. Thereafter, Duncan filed the present motion for a default judgment (Doc. #15) to which Mellon filed the present counter-motion to set-aside default (Doc. #18).

## II. Discussion

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the court may set-aside an entry of default for good cause. FED. R. CIV. P. 55(c).

The court has reviewed the documents and pleadings on file in this matter and finds that good cause exists to set-aside the clerk's entry of default. First, the court is suspicious of Duncan's service of the summons and complaint in this action as Duncan already had the service information for Mellon's counsel as she was involved in the unlawful detainer action in state court but served the summons and complaint on a paralegal at a Mellon office. Second, the court recognizes that Mellon appeared in this action as soon as it recognized that it was a defendant in this action despite Duncan's refusal to disclose the present action to Mellon's counsel. Finally, the court notes that there is a strong policy in favor of resolution of disputes on the merits, rather than judgment by default. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Accordingly, the court shall deny Duncan's motion for default judgment, grant Mellon's counter-motion, and set-aside the clerk's entry of default.

///

///

IT IS THEREFORE ORDERED that plaintiff's motion for default judgment (Doc. #15) is DENIED.

IT IS FURTHER ORDERED that defendant's counter-motion to set-aside the clerk's entry of default (Doc. #18) is GRANTED. The clerk's entry of default entered on April 13, 2012, (Doc. #13) is SET-ASIDE.

IT IS FURTHER ORDERED that defendant shall have thirty (30) days from entry of this order to file an answer to the complaint or an appropriate motion as outlined by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED this 27th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE