UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LINDA DUNCAN, <br><br>      Plaintiff, <br><br>v. <br><br>CAL-WESTERN RECONVEYANCE CORPORATION, et al., <br><br>      Defendants. | 3:12-cv-0094-LRH-VPC <br><br> ORDER |

Before the court is defendant the Bank of New York Mellon's ("Mellon") motion to dismiss. Doc. #24.[1] Plaintiff Linda Duncan ("Duncan") filed an opposition (Doc. #26) to which Mellon replied (Doc. #28).

## I.  Facts and Background

In January 2004, Duncan purchased real property through a mortgage note and deed of trust executed by non-party National City Mortgage Company ("National City"). In February 2005, National City assigned the deed of trust to Mellon under the pooling and servicing agreement series 04-32. Doc. #18, Exhibit B. The assignment of the deed of trust was subsequently recorded in Lyon County, Nevada.

Duncan eventually defaulted on the property and defendants initiated non-judicial foreclosure proceedings. The property was eventually sold at a trustee's sale on April 9, 2010. Doc. #18, Exhibit G.

---

[1] Refers to the court's docket number.

1  Subsequently, Duncan filed a complaint against defendants alleging three causes of action: (1)
2  breach of the implied covenants of good faith and fair dealing; (2) violation of NRS 107.080; and (3)
3  quiet title. Doc. #3. Thereafter, Mellon filed the present motion to dismiss. Doc. #24.

## II. Legal Standard

Defendant Mellon seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969

2

(9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. Breach of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, there is no contract between Duncan and Mellon. The only contract at issue is the mortgage note originated by non-party National City. Therefore, the court finds that Duncan fails to allege a sustainable claim for breach of the covenants of good faith and fair dealing.

#### B. NRS 107.080

In her complaint, Duncan alleges that defendants improperly foreclosed on her property because the promissory note was severed from the deed of trust and none of the defendants hold the original mortgage note. *See* Doc. #1, Exhibit A.

///

1  Nevada law does not require the production of the original note before one of the statutorily
2  enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702
3  F. Supp. 2d 1276, 1280 (D. Nev. 2010). Further, there is no private right of action for tort damages
4  under section 107.080. *See Chavez v. Cal Recon. Co.*, 2010 WL 2545006, *2, (D. Nev. 2010). The
5  only available remedy under section 107.080 is for the court to void a trustee's sale that was undertaken
6  in violation of the statute. As Duncan has failed to allege how defendants violated the statute, there is no
7  basis to void the trustee's sale. Therefore, the court finds that Duncan fails to allege a claim upon which
8  relief can be granted.

**C. Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, Mellon, as trustee for the purchaser of the property at the trustee's sale, does not claim any interest in the property adverse to Duncan's interest in the property. Therefore, Duncan has no grounds to quiet title. Accordingly, the court shall grant Mellon's motion to dismiss.[2]

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #24) is GRANTED. Plaintiff's complaint (Doc. #3) is DISMISSED in its entirety.

///
///
///
///
///
///

---

[2] The court, in granting defendant's motion to dismiss, notes that Duncan did not request leave to amend her complaint. However, even if she did request leave to amend, the court would deny the request because she has failed to make any showing that amendment in this particular case would not be futile or that she could overcome the identified pleading defects.

4

IT IS FURTHER ORDERED that defendant the Bank of New York Mellon shall have ten (10) days from entry of this order to prepare an appropriate order expunging lis pendens and submit the same for signature.

IT IS SO ORDERED.

DATED this 6th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE